# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| HARVEY BURNS, | ) |
| Plaintiff, | ) |
| v. | ) NO. 3:18-cv-0893 |
| | ) CHIEF JUDGE CRENSHAW |
| GILLIAN L. JONES, | ) |
| YVETTE Y. CAIN, | ) |
| WILLIAM TALLENT, | ) |
| Defendants. | ) |

## ORDER

Harvey Burns has filed a *pro se* Complaint (Doc. No. 1), asserting claims under 42 U.S.C. § 1983 based on alleged violations of his constitutional and other federal rights. He has also filed an Application to Proceed in District Court Without Prepaying Fees or Costs. (Doc. No. 2.) As it appears from Plaintiff's submission that he lacks sufficient financial resources from which to pay the fee required for the filing of a complaint, the Application (Doc. No. 2) is **GRANTED**, and the Clerk is **DIRECTED** to file the Complaint *in forma pauperis*. 28 U.S.C. § 1915(a).

Because Plaintiff proceeds *in forma pauperis*, the Court is required by 28 U.S.C. § 1915(e)(2) to conduct an initial review of the Complaint and to dismiss it, or any portion thereof, if it is facially frivolous or malicious, fails to state a claim for which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997), overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007).

Harvey Burns filed a prior Complaint in this Court on July 3, 2018. The case was

dismissed on July 17, 2018. Harvey Burnes v. Philip E. Smith et al., No. 3:18-cv-00608 (M.D. Tenn.) (Campbell, J.).[1] That case named the same three defendants identified in this case—Gillian L. Jones, Yvette Y. Cain, and William Tallent—though it also asserted claims against Judge Philip E. Smith, the Metropolitan Government of Nashville and Davidson County, Tennessee, and the Tennessee Department of Human Services. The legal claims against Jones, Cain, and Tallent in the prior Complaint were identical to those asserted in the new Complaint and were based on identical facts. The claims asserted against Jones, Cain, and Tallent in the prior Complaint were dismissed for failure to state a claim for which relief may be granted. More specifically, Jones, Cain, and Tallent are not "state actors" against whom a claim under 42 U.S.C. § 1983 may lie. Plaintiff did not seek timely reconsideration of the order of dismissal, nor did he appeal. That judgment entered in that case became final when the time for filing an appeal expired. See Clay v. United States, 537 U.S. 522, 527 (2003) ("Typically, a federal judgment becomes final for appellate review and claim preclusion purposes when the district court disassociates itself from the case, leaving nothing to be done at the court of first instance save execution of the judgment." (citations omitted)).

In the Sixth Circuit, a claim is barred by res judicata if four elements are established: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their 'privies'; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Browning v. Levy*, 283 F.3d 761, 771 (6th Cir. 2002) (citation omitted). All four of these elements are met in the present case. The current Complaint is therefore subject to

---

[1] Plaintiff spelled his last name differently in the prior case, but there is no doubt that Harvey Burns and Harvey Burnes are the same person. Plaintiff's mailing address is the same in both cases, and the factual allegations in the two pleadings are virtually identical.

dismissal on *res judicata* grounds and also because it, like its predecessor, fails to state a claim against Jones, Cain, and Tallent for which relief may be granted.

Accordingly, the Complaint is **DISMISSED WITH PREJUDICE**.

This is the final Order in this action, for purposes of Fed. R. Civ. P. 58.

IT IS SO ORDERED.

```
                                    _____
                                    WAVERLY D. CRENSHAW, JR.
                                    CHIEF UNITED STATES DISTRICT JUDGE
```